UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                          Chapter 11

TAMPA BRASS AND ALUMINUM,                        Case No. 8:25-bk-105-RCT
CORPORATION,

*Emergency Hearing Requested*

      Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR
AUTHORITY TO USE CASH COLLATERAL**

---

**STATEMENT OF RELIEF REQUESTED**

**The Debtor seeks authority to use cash collateral to fund its operating expenses and the costs of administering this Chapter 11 case in accordance with a proposed budget to be filed with the Court prior to a hearing on this Motion. The Debtor believes that certain lenders, as described below, may assert security interests in cash collateral. As adequate protection, the Debtor propose to grant the lenders replacement liens to the same extent, validity, and priority as existed as of the Petition Date.**

---

TAMPA BRASS AND ALUMINUM CORPORATION (the "**Debtor**"), as Debtor and Debtor in possession (collectively, the "**Debtor**"), respectfully requests the entry of an order authorizing the use of cash collateral (the "**Cash Collateral**") and, in support thereof, the Debtor respectfully represents as follows:

**Jurisdiction**

1.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

2.  The statutory predicates for the relief sought herein are §§ 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On January 9, 2025 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. The Debtor continues to operate as a debtor-in-possession. For more information on the Debtor and the reasons for the bankruptcy filing, please see the Case Management Summary.

**Summary of Prepetition Secured Indebtedness**

6. The Debtor owes First Florida Integrity Bank ("**First Florida**") approximately $5,625,000 under an asset based financing facility. First Florida asserts a first priority, blanket lien on substantially all of the Debtor's assets. Regions Bank ("**Regions**") is owed approximately $1,500,000 under an equipment loan. Regions and First Florida entered into an intercreditor agreement which provides that Regions has a first lien on equipment, although it does not appear that Regions has a lien on Cash Collateral.

7. The Debtor has two loans with the United States of America Small Business Administration (the "**SBA**") in the approximate amounts of $1,250,000 and $2,000,000, which it asserts are secured by junior liens. The Debtor borrowed money under a merchant cash advance loan from Breakout Capital, LLC ("**Breakout Capital**"), which asserts a lien on accounts receivable. Corporation Service Company has filed a financing statement in a representation capacity which is assumed to have been filed on behalf of Breakout Capital. The liens of the SBA and Breakout Capital are junior to the liens of other creditors.

8. The First Florida, the SBA and Breakout Capital (collectively, the "**Lenders**") may assert an interest in Cash Collateral, as that term is defined in Section 363(a) of the Bankruptcy Code (the "**Cash Collateral**").

**Relief Requested and Grounds for Relief**

10. The Debtor intends to use Cash Collateral to pay operating expenses and the costs of administering this Chapter 11 case. Accordingly, the Debtor requests authority to use Cash Collateral pursuant to Section 363(c) of the Bankruptcy Code.

11. The Debtor respectfully requests the entry of an interim order in the form attached hereto as **Exhibit A** authorizing the use of Cash Collateral, in accordance with the budget to be filed with the Court at least 24 hours in advance of any hearing on this Motion (the "**Budget**"), to fund its operating expenses and the costs of administering this Chapter 11 case to avoid immediate and irreparable harm to the estate pending a final hearing and the entry of a final order. Specifically, the Debtor intends to use Cash Collateral for:

    a. Payroll;

    b. Insurance;

    c. Rent;

    d. Purchase of necessary food and paper product inventory;

    e. Payment of utilities;

    f. Other payments necessary to sustain continued business operations;

    g. Care, maintenance, and preservation of the Debtor's assets; and

    h. Costs of administration in this Chapter 11 case.

Except as specifically authorized by law or court order, the Debtor will not use Cash Collateral to pay pre-petition obligations.

12. The Debtor requests authorization to use Cash Collateral immediately to fund operating expenses necessary to continue the operation of its business, to maintain the estate, to

maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

13. The Debtor further requests that any order authorizing the use of Cash Collateral direct account debtors to pay the Debtor directly on any accounts receivable.

14. There is insufficient time for a full hearing pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure to be held before the Debtor must use Cash Collateral.  If this motion is not considered on an expedited basis and if the Debtor are denied the ability to immediately use Cash Collateral, there will be a direct and immediate material and adverse impact on the continuing operations of the Debtor's business and on the value of its assets.  To continue the business activities in an effort to achieve a successful reorganization, the Debtor must use Cash Collateral in the ordinary course of business.  The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations, which will result in irreparable injury to the Debtor and its chances for reorganization.  Any such discontinuation would also materially and adversely impact the value of the Lenders' collateral.  Indeed, it is in the best interest of the Lenders that the Debtor use Cash Collateral, if such usage will preserve the value of the collateral.

15. "Cash Collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a).  Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtor to use Cash Collateral so long as the applicable secured creditors consent or are adequately protected. *See, e.g., In re Mellor,* 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick,* 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured

creditor or must establish to the court that the secured creditor's interest in the cash collateral is adequately protected).

16. In exchange for the Debtor's ability to use Cash Collateral in the operation of its business, the Debtor proposes to grant to the Lenders, as adequate protection, replacement liens to the same extent, validity, and priority as existed on the Petition Date. In other words, the Debtor proposes that the Lenders' "floating" liens on such assets continue to "float" to the same extent, validity, and priority as existed on the Petition Date, notwithstanding Section 552 of the Bankruptcy Code. The Debtor asserts that the interests of the Lenders will be adequately protected by the replacement liens.

17. If allowed to use Cash Collateral, the Debtor believes that it can stabilize its business operations and maintain going concern value. Otherwise, the Debtor's business operations will cease, and the assets will have only liquidation value.

18. The motion is without prejudice to the rights of the Debtor or any other party to contest the extent, validity and/or priority of the Lenders' asserted liens or interests.

WHEREFORE, the Debtor respectfully request that this Court: (1) enter an interim order granting the motion and authorizing the interim use of Cash Collateral; (2) schedule a preliminary hearing on the motion on or before January 15, 2025; (3) schedule a final cash

collateral hearing in accordance with Bankruptcy Rule 4001(b)(2); and (4) providing for such other and further relief as may be just and proper.

                                            /s/ Scott A. Stichter
                                            Scott A. Stichter (FBN 0710679)
                                            **STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
                                            110 East Madison Street, Suite 200
                                            Tampa, FL  33602
                                            Telephone: (813) 229-0144
                                            Email:  sstichter@srbp.com
                                            Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing *Debtor's Emergency Motion for Authority to Use Cash Collateral* has been furnished on this 14th day of January, 2025, by either the Court's CM/ECF System or by U.S. Mail to the 20 Largest Unsecured Creditors and by either U.S. mail, certified mail, email, or facsimile to:

| | |
|---|---|
| U.S. Small Business Administration<br>Attn: Thomas A. Todt, District Director<br>Email:  bankruptcynotices@sba.gov | Corporation Service Co. as Rep.<br>P.O. Box 2576<br>Springfield IL 62708 |
| Attorney General of the United States<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530-0001 | Breakout Capital, LLC<br>1451 Dolley Madison Blvd., #200<br>Mc Lean, VA 22101 |
| U.S. Attorney's Office<br>Attn: Civil Process Clerk<br>2110 First St., Suite 3-137<br>Ft. Myers, FL 33901 | Breakout Capital, LLC/<br>Breakout Finance<br>Attn: Khalida Ahmad, Collection Manager<br>1775 Tyson Blvd., 5th Floor<br>Mc Lean, VA 22102<br>Email:  kahmad@breakoutfinance.com |

                                            /s/ Scott A. Stichter
                                            Scott A. Stichter

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                          Chapter 11

TAMPA BRASS AND ALUMINUM,                                     Case No. 8:25-bk-105-RCT
CORPORATION,

      Debtor.
_____/

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR
AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS**

THIS CASE came before the Court for hearing on _____,2025 at _:__.m. (the **Hearing**") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. _) (the "**Motion**")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that, under the circumstances, due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Middle District of Florida, (ii) the Lenders, (iii) all known secured creditors of the Debtor with an interest in cash collateral, and (iv) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary. The Court considered the Motion, together with the record and the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Exhibit A

argument of counsel at the Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED**:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____ (the "**Continued Hearing**").

3. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including any required monthly payments to the Subchapter V Trustee; (b) the current and Necessary expenses set forth in the budget attached as **Exhibit A**, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the First Florida. This authorization will continue until further order of the Court. Except as authorized in this order, the Debtor is prohibited from use of cash collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be deemed to be unauthorized use of cash collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure. Expenditures in excess of the line items in the budget or not on the budget may, nonetheless, give rise to remedies in favor of a Lender.

4. <u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a debtor in possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

5. <u>Access to Records and Premises</u>. Upon reasonable notice, and provided that it does not unreasonably interfere with the business of Debtor, Debtor shall grant to the Lenders access to Debtor's business records and premises for inspection.

6. <u>Replacement Lien</u>. Each creditor with a security interest in cash collateral shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

7. <u>Insurance</u>.  The Debtor shall maintain insurance coverage for its property in accordance with the obligations under applicable loan and security documents with First Florida.

8. <u>Without Prejudice</u>. This Order is without prejudice to (a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to any Lender.

9. <u>Enforcement</u>.   The Court shall retain jurisdiction to enforce the terms of this Order.

10. This Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on or interest in any property of the Debtor or the estate.  This Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

*Attorney Scott A. Stichter is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order*

# **EXHIBIT A**

## **[Budget to be Filed Prior to Hearing]**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:25-bk-00105-RCT<br>Middle District of Florida<br>Tampa<br>Mon Jan 13 17:04:26 EST 2025 | AFI - Alternatives For Industr<br>2251 Whitfield Park Ave.<br>Sarasota, FL 34243-4087 | All Metals & Forge Group<br>75 Lane Rd<br>Fairfields, NJ 07004-1061 |
| Anchor Benefit Consulting<br>2400 Maitland Center Pkwy, Ste 111<br>Maitland, FL 32751-7182 | DMG Mori Seiki USA, Inc.<br>Lockbox #773744<br>Itasca, IL 60143 | Empire Die Casting Co<br>635  East Highland Rd.<br>Macedonia, OH 44056-2109 |
| Federal Metal Company<br>7250 Division Street<br>Bedford, OH 44146-5495 | Hoosier Pattern Inc<br>906 N 10Th St<br>Decatur, IN 46733-1118 | I. Schumann & Company<br>22500 Alexander Rd<br>Bedford, OH 44146-5576 |
| (p)IPFS CORPORATION<br>30 MONTGOMERY STREET<br>SUITE 1000<br>JERSEY CITY NJ 07302-3836 | John Harris II<br>665 Belleview Ave.<br>Newport, RI 02840-4280 | MSC Industrial Supply Co.<br>2186 Drew St<br>Clearwater, FL 33765-3214 |
| National Metal Stampings, Inc.<br>42110  8Th Street East<br>Lancaster, CA 93535-5413 | Schifano, Duane<br>5800 Scenic Bay Ct.<br>Arlington, TX 76013-5215 | Sun-Glo Machining & Metal Finishing<br>14493  62Nd St. North<br>Clearwater, FL 33760-2786 |
| Superior Die Cast, LLC<br>1020 S. Bolton St<br>PO Box 215<br>Jacksonville, TX 75766-3310 | Surface Engineering & Alloy Co<br>2895  46Th Avenue North<br>Saint Petersburg, FL 33714-3811 | Tampa Electric Co.<br>PO Box 31318<br>Tampa, FL 33631-3318 |
| Travelers Cl Remittance Center<br>PO Box 660317<br>Dallas, TX 75266-0317 | Trialco Aluminum LLC<br>2722 Paysphere Circle<br>Chicago, IL 60674-0001 | Uni-Cast<br>PO Box 88741<br>Chicago, IL 60680-1741 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| IPFS Corporation<br>P.O. Box 730223<br>Dallas, TX 75373-0223 | End of Label Matrix<br>Mailable recipients    20<br>Bypassed recipients     0<br>Total                  20 |